Robertson, J.
This is a motion by the plaintiff to set down a cause already on the Trial Term General Calendar, and reserved generally, on the Day Calendar; and is opposed upon the ground that it is not a cause in which the plaintiff has a right to insist it shall be tried by a Jury. This ought properly to come up on the trial when a Jury is claimed, but the parties prefer having it decided.
The original complaint was filed principally to recover certain lands held by the defendant Cowles, alleged to have been purchased by him in a fiduciary capacity for the plaintiff, and also damages for other acts of his. Since that time, a supplemental complaint has been filed, alleging that the title to such land has passed from Cowles by virtue of the foreclosure of certain mortgages, and that such foreclosure was procured by him to prevent the plaintiff fro‘m obtaining title thereto; such supplemental bill also avers that the value of said land exceeded the mortgages thereon by a certain sum, which the plaintiff claims as damages, and he also claims therein all relief asked for in the original complaint, not inconsistent with that now asked for. The original complaint had, as parties defendants thereto, the wife of the defendant Cowles and the Housatonic Bank, and prayed that Mrs. Cowles and *644 the Housatonic Bank might be decreed to relinquish all interest in the land in question, and that an accounting might be had of the moneys, and securities which the defendant Cowles had or has for the use of the plaintiff, and pay the balance found due.
Two questions arise on this motion: First, Whether, upon the state of facts as the plaintiff claims they now exist, an action at law could have been maintained by him before the Code; and, Secondly, Whether the effect of the supplemental complaint is to put the parties on the same footing as if the original complaint had been amended, or filed after the foreclosure of the mortgages.
I apprehend that as long as the proceeds of a breach of trust remained in land, the party injured was obliged to go into a Court of equity to reach it, but if they became nloney by a sale to a bona fide purchaser, an action either at law or in equity would lie to recover it. (Brown v. Lynch, 1 Paige, 147; Reed v. Warner, 5 Paige, 650.) And if the mortgages in question had been foreclosed before the commencement of this action, the plaintiff would have Been entitled to commence a suit at law, if the defendant Cowles was his agent. And as it lay with the plaintiff to make it a suit at law or in equity, in other words, to try the action with or without a Jury, the election might still remain with him. But he was compelled to commence an equitable action, because the proceeds of the purchase was land, not .requiring a trial by Jury, and he made parties, Mrs. Cowles and the Housatonic Bank, who are still parties to this action, and in regard to whom no trial by Jury could be had, because no common law judgment could be rendered. The supplemental complaint merely grafts a new proceeding on the old action, on which there may be a different judgment; both causes may be heard together, but the plaintiff may succeed on his original cause of action, and fail on his proposed modification of it. As neither party, therefore, could insist on a Jury trial upon the original complaint and issues, I think they still remain equally debarred from doing so, notwithstanding the *645 supposed change of affairs by the facts stated in the supplemental complaint.
The motion must be denied without costs.